IN THE UNITED STATES DISTRICT COURT
FOR THE ~~WESTERN~~ DISTRICT OF PENNSYLVANIA
MIDDLE

14-921

Name and address of Plaintiff:
CRAIG ALFORD
301 MORIA ROAD
FRACKVILLE, PA 17932

CIVIL CASE #

COMPLAINT
(PLEMINARY INJUNCTION)

v.

Full name, title, and business address
of each defendant in this action:
1) JUDGE MCNICE, U.S. D.C.
P.O. BOX 1148
SCRANTON, PA 18501

2) JUDGE BLEWITT, U.S. DC.
P.O. BOX 1148
SCRANTON, PA 18501

FILED
MAY 0 9 2014
PER _____
HARRISBURG, PA    DEPUTY CLERK

Use additional sheets, if necessary
Number each defendant.
3) JUDGE MEHRCHICK, U.S. D.C.
P.O. BOX 1148
SCRANTON, PA 18501

Plaintiff brings this action against the above named and identified defendants on the following cause of action:

I. Where are you now confined? SCI MAHANOY

What sentence are you serving? 9-10 YEARS

What court imposed the sentence? MONROE COUNTY

II. Previous Lawsuits

A. Describe any and all lawsuits in which you are a plaintiff which deal with the same facts involved in this action. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit

Plaintiffs CRAIG ALFORD

Defendants LAQUISE, KERESTES, TRITT, WETZEL, AND VARNER.

2. Court (if federal court, name the district; if state court, name the county) and docket number
UNITED STATES DISTRICT COURT / MIDDLE DISTRICT / 3:14-CV-13

3. Name of judge to whom case was assigned __MUNLEY/MEHLCHICK__

4. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
   __PENDING__
   _____

5. Approximate date of filing lawsuit __JANUARY 2014__

6. Approximate date of disposition __NONE__

B. Prior disciplinary proceedings which deal with the same facts involved in this action:

   Where?_____
   When?_____
   Result:_____
   _____
   _____

III. What federal law do you claim was violated? __1ST, 5TH,__
__8TH, and 14TH AMENDMENT, F.R.CIV.P.,__
__TITLE 28 JUDICIARY AND JUDICIAL PROCEDURES OF THE U.S.,__
__UNITED STATES SUPREME COURT DECISIONS, MAGISTRATE__

IV. Statement of Claim __ACT, RULE 8(B) OF HABEAS CORPUS, ARTICLE III AND THE 5TH__
__AMENDMENT DUE PROCESS CLAUSE.__

(State here as briefly as possible the facts of your case. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.) (SEE ATTACHED COMPLAINT 14—19)

A. Date of event: __BEGINNING JANUARY 2013__

B. Place of event: __UNITED STATES DISTRICT COURT, SCRANTON, PA__

C. Persons involved--name each person and tell what that person did to you: _____

   __JUDGE MUNLEY HAS VIOLATED MY 1ST,__
   __5TH, 8TH, AND 14TH AMENDMENT OF__
   __THE U.S. CONSTITUTION. AS WELL AS__
   __JUDGE MEHLCHICK AND BLEWITT. SEE__
   __COMPLAINT IN DETAIL ATTACHED. THEY__
   __VIOLATED THE F.R.CIV.P. and THE__
   __UNITED STATES CODE, TITLE VI, VIOLATED THE__
   __JUDICIARY AND JUDICIAL PROCEDURES, VIOLATED__
   __THEIR OATHS TO UPHOLD THE CONSTITUTION,__
   __COMMITTED JUDICIAL MISCONDUCT/DISHONESTY.__
   __JUDGE MUNLEY HAS VIOLATED THE MAGISTRATE__
   __ACT WHEN HE FAILED TO MAKE A DE NOVO__
   __DETERMINATION TO MY OBJECTIONS, VIOLATED HABEAS__
   __RULE 8(B), ARTICLE III AND THE 5TH AMENDMENT__
   __DUE PROCESS CLAUSE. JUDGE BLEWITT HAS__
   __COMMITTED EX-PARTE COMMUNICATION, JUDGE MUNLEY__
   __HAS ILLEGITIMATELY DELAYED MY MATTERS, THIS__
   __ILLICIT MOTIVATION, AND HAS DENIED ME ACCESS__
   __TO THE COURT, AND JUDGE MEHLCHICK A MAGISTRATE__
   __JUDGE IS RULING IN MY CASE WHEN SHE CANNOT__

_____
_____
_____
_____

V.  Did the incident of which you complain occur in an institution or place of custody in this District? If so, where? YES, MIDDLE DISTRICT CRRT AND SCRMCR, PA

and answer the following questions:

A. Is there a prisoner grievance procedure in this institution?
   Yes (✓)  No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes ( )  No (✓)  BECAUSE MY MATTERS DO NOT CONCERN AN INSTITUTIONAL GRIEVANCE. HOWEVER, I DID COMPLAIN TO THE MIDDLE DISTRICT CRRT, AND THE 3RD CIRCUIT.

C. If your answer is YES,

  1. What steps did you take? _____
     _____

  2. What was the result? _____
     _____

D. If your answer is NO, explain why not: CHALLENGING FEDERAL JUDGES BEHAVIORS, AND PRISON GRIEVANCE SYSTEM WILL NOT BRING ME RELIEF

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities?
   Yes ( )  No (✓)

F. If your answer is YES,

  1. What steps did you take? _____
     _____

  2. What was the result? _____
     _____

VI. Relief  SEE ATTACHED COMPLAINT

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues. DECLARE THAT THE DEFENDANTS ACTIONS VIOLATE THE CONSTITUTION, $100,000 IN COMPENSATORY + $100,000 IN PUNITIVE DAMAGES FROM EACH DEFENDANT, RECOVERY OF COST IN THIS SUIT, TRIAL BY JURY, Preliminary injunction for judge Motley and McHaffice to hear and decide (2) of my cases.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____5/14.14_____                    _____*[signature]*_____
(Date)                                   (Signature of Plaintiff)

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


FILED
MAY 09 2014
PER _____
HARRISBURG, PA DEPUTY CLERK

Craig Alford,
    PLAINTIFF

v.

JAMES MUNLEY, KRAUSE
MEHALCHICK, THOMAS BLEWITT,
    DEFENDANT(S)

CIVIL ACTION # _____

COMPLAINT
(PRELIMINARY INJUNCTION)

## JURISDICTION AND VENUE

1.) This is a civil action authorized by 28 U.S.C. §1331 to redress the wrong and deprivation, under color of state law, of rights secured by the Constitution of the United States (specifically, the 1st, 5th, 8th, and 14th Amendments of the United States Constitution). The court has jurisdiction under 28 U.S.C. §1331 and §1343(a)(3). Plaintiff Alford seeks declaratory relief pursuant to 28 U.S.C. §2201 and §2202.

2.) The Middle District of Pennsylvania is an appropriate venue under 28 U.S.C. §1391(b)(2) because it is where the events giving rise to this claim occurred.

## PLAINTIFF

3.) Plaintiff Craig Alford, is and was at all times mentioned herein a prisoner of the State Correctional Institution at Mahanoy in the custody of the Pennsylvania Department of Corrections. He is currently confined at SCI Mahanoy, 301 Morea Road, Frackville, PA 17932.

## DEFENDANTS

4.) Defendant James Munley is a Judge of the United States District Court for the Middle District of Pennsylvania and is responsible for hearing cases of writ of habeas corpus and §1983 civil suits, and for making a de-novo determination of magistrate judges report and recommendations or memorandum and orders. And is responsible for dispositioning habeas petitions and §1983 civil actions in a speedy manner, that's fair, efficient and promptly, and is to promote public confidence in the impartiality of the judicial system, and is to follow the rules of the court

1.

5.) Karoline Mehalchich is a magistrate judge for the United States District Court for the Middle District of Pennsylvania and is responsible for writing report and recommendations on writ of habeas corpus or 1983 civil actions, or to write an Memorandum and orders, and to dispositor habeas petitions and 1983 civil actions in a speedy manner, and must uphold her oath.

6.) Thomas Blewitt is a magistrate judge for the United States District Court for the Middle District of Pennsylvania and is responsible for writing memorandums and orders/report and recommendations on writ of habeas corpus and 1983 civil actions, and to dispositor habeas petitions and 1983 civil action in a speedy manner, and must uphold his oath, and committed Ex. Parte communicated.

7.) Each defendants is sued individually and I seek an permanent injunction from the defendants of hearing my case or making a ruling on civil action # 3:14-cv-13 and 3:13-cv-2800 thats pending before the courts, and at all times mentioned in this complaint each defendant acted under color of state law.

## 28 U.S.C. §1331

8.) A district court shall have original jurisdiction of all civil actions arising under the constitution, laws or treaties of the United States. You cannot use 1983 to sue federal officials, and plaintiff Alford is using section 1331 to challenge violation of constitutional rights. Section 1331 gives federal court the power to hear claims against federal government.

## FACTS

9.) On December 31, 2012 plaintiff Alford filed (2) writ of habeas corpus at 3:12-cv-2616 and 3:12-cv-2617. Judge Munley merged these matters since it named both Pennsylvania Board of Probation and Parole as respondents. This matter was appointed to Judge Blewitt for dispositioning... Petitioner sought the appointment of counsel, and numerous summary judgment on the undisputed grounds. Alford put (12) grounds before the court on why he's incarcerated in violation of the

2

constitution, Laws, or treaties, but only 5 of plaintiff grounds was answered. Plaintiff Alford timely objected to the memorandum and order by judge Blewitt, judge Munley "did not" make a de-novo determination as he was obligated to after timely objections, and petitioner filed a timely notice of appeal, that Judge Munley merged with my objection but plaintiff Alford filed seperately, and erred in my case. Judge Blewitt decision is contrary to law, plain error, and manifest injustice, and judge Munley failed to intervene, and rubber stamped the exact same arguments respondents and failed to consider any filings/exhibits, which is a violation of the magistrates, Rule 8(a) habeas, Article III and the 5th amend.

10.) Plaintiff Alford filed another writ of habeas corpus, a seperate matter at civil Action # 3:13-cv-0435 against Pennsylvania Department of Corrections. Judge Munley and judge Blewitt was assigned the case. This matter was taking long to disposition, petitioner sought summary judgment that was denied. The respondents counsel, committed "EX. PARTE communications" using the judges office for a favorable recommendation and no longer looked to prosecute this matter and looked for Monroe County District Attorneys office to assure defense. They failed to submit any records, and to only record before the court was of petitioners. This matter was switched from Judge Blewitt to Judge Mehalchick. Judge Mehalchick wrote a report and recommendation that's plain error, manifest injustice, and was also a rubber stamp argument of the respondents. I timely objected because she (Mehalchick) merged a seperate writ of habeas corpus argument with this one. Judge Munley also wrote a memorandum (de-novo) decision of my objection which was plain error, contrary to law, and judge Munley has failed to follow the law of this land. Plaintiff Also constitutionally challenged state statutes. And this matter was analyzed under 1983 instead of 2254 and is in error of the legal analysis.

11.) Plaintiff Alford filed another civil writ of habeas corpus, at civil Action # 3:13-cv-2800 that Judge Mehalchick merged plaintiffs case law he submitted with 3:13-cv-0435. This case is still pending in the united states district court and has been there for __ months. His habeas petition has been filed since November 16, 2013 and the habeas petition has not been sent to the respondents, the IFP application has not been dispositioned, the application for the appointment of counsel has not been dispositioned. Plaintiff with other inmates raising the exact same claim cite: Brister Lover sought a class action, sought a constitutionally challenged

3

to state statute, sought for Judge Munley and Judge Mehalchick to disqualify/recuse theirselves pursuant to 28 U.S.C. § 455, however, for months Judge Munley and Judge Mehalchick who have gavels by the matters is a docket sheet, has not moved petitioner matters forward and is denying petitioner/plaintiff refused access to the court which is tantamount to taking jurisdiction. They are not allowing the rules of the court and denied me access to the court. This habitual delay has purely prejudiced me.

12) Plaintiff Alford filed a 1983 civil action at civil action # 3:14-CV-13 against prison officials that Judge Munley merged with 3:13-CV-0435 which are unrelated cases (one a habeas petition, one a civil suit) and plaintiff filed such on December 20, 2013, and on 1-7-14 and administrative order was given to take 20% of my funds incoming. On January 15, 2014 the Respondents authorized 20% of all incoming funds will be taken. Plaintiff sought US Marshall service to serve the respondents/defendants. Plaintiff Alford also sought discovery. However, in all cases, the clerk of court will not send the docket sheets so plaintiff can see the status of the case, however, being a long time has passed, Alford will seek default judgment, and Judge Munley has failed to manage my cases, and instruct the clerk to send my constitutional challenge to the A.G.'s office on February 10, 2014 Alford moves for both of dismissal and on March 14, 2014 plaintiff sought issuance by default for the relief requested in the complaint.

13.) Plaintiff Alford has tried everything in his power for recusal to change of venue to get away from two Judges who has violated their oath and the constitution and exhausted his remedies with cool feet pursuant to 42 U.S.C. § 1997(e).

## LEGAL CLAIMS

14.) Plaintiff realleges and incorporate by reference paragraph 1-19.

15.) Defendant Munley has denied plaintiff access to the court, has violated the magistrate act, habeas rule 8(e), ARTICLE III, and the 5th Amendment, Due Process Clause, of the United States Constitution. (see 3:12-CV-2616). He has

4.

has denied plaintiff Alford access to the court. (see #3:13-cv-2800; #3:14-cv-13.) and has failed to rule on petitioners matters or to move petitioner cases forward and illegally merging one for the other in unrelated cases. Judge Munley has deprived Alford of his due process rights and to move plaintiff Alford case forward so it can be dispositioned in a speedy manner. Judge Munley has failed to apply the Fed. R. Civ. P. to Alford cases, he has failed to supervise his subordinates and failed to remedy a constitutional violation, and should be held accountable for failing to properly apply the law of the Court of the United States Supreme Court, and acted outside the scope of his official duties, and Judge Munley has acted that are not judicial in nature. And violated my 1st, 5th, 8th, and 14th rights and his habitual delays he did not legal analyze my matters as a 2254 issued of 1985. And erred when he did not legal analyze my matters as a 2254 issued of 1985.

16.) Judge Mehalchick has failed to properly apply the law of the Court of the United States Supreme Court and should be held accountable for her actions, she has did acts that are not judicial in nature. Judge Mehalchick has acted outside of the scope of her official duties, allowed ex parte communication and was in contact with opposing counsel, counsel of one side (MR. Dorlan, ESQ.) who sought a favorable decision and used the judges office for this favorable decision, and has failed to follow the rules of Civil Procedures, and responded to a matter that she had no jurisdiction over the subject matter of the civil action. And has violated my 5th and 14th amendment of the United States constitution, and 8th amendment rights.

17.) Judge Blewitt has also failed to properly apply the law of the court of the United States Supreme Court and should be held accountable for his actions. He has did acts that are not judicial in nature, and has acted outside of the scope of his judicial duties. Judge Blewitt was committing "EX. PARTE communication" with RAYMOND W. DORLAN, ESQ. counsel for respondents at 3:13-CV-0435. Mr. Dorlan used judge Blewitt office for a favorable decision, told judge Blewitt he did not file any documents and that he looked for unmore county prosecutors office to venue defense of the matter, which prejudiced plaintiff, resulting in an adverse decision. At 3:12-CV-2616 and 3:12-CV-2617 judge Blewitt also failed to answer all (12) GROUNDS supported by plaintiff Alford put before the court and only answered (5) grounds denying Alford access to the court and to be fully heard which was another adverse decision by judge Blewitt, who has also denied Alford access to

9.

the court in violation of the 1st Amendment, but has failed to apply the F.R.Civ.P. in Alford's case. At 3:12-cv-2616 Judge Blewitt did nothing but rubber stamp, lift and copy, the exact same argument as the respondents and failed to consider any of Alford filings/exhibits. Not once in his Memorandum do he refer to Alford exhibits.

18.) The defendants conduct clearly violates established statutory or constitutional rights of which a reasonable person would have known. They have failed to uphold their oath at 28 U.S.C. §453, and they had fair warning his/her actions was violating my rights. These judges has violated my 1st, 5th, 8th, and 14th Amendments of the United States Constitution.

## PRELIMINARY INJUNCTION

19.) Plaintiff Alford seeks a preliminary injunction so plaintiff can suffer no more harm at the hands of defendants and so plaintiff matters at (ALFORD v. LAUISE, et al., CASE NO. 3:14-CV-13 and ALFORD v. KERESTES, et al., CASE NO. 3:13-CV-2800) cannot be decided by Judge Munley or Magistrate Judge Mehalchich. At 3:12-cv-2800 Alford did not consent for magistrate, asked Judge Munley and Judge Mehalchich to disqualify/recuse theirselves pursuant to 28 U.S.C. 455 that has went unanswered, and the habitual delay to rule on petitioners habeas petition is tantamount to taking jurisdiction. So plaintiff Alford rights will not be further violated by the defendants, he ask that Judge Munley and Judge Mehalchich remove theirselves from the cases. If not, plaintiff will suffer actual or imminent injury and that I am, will be, worst off because of the illegal acts of these federal judges. Plaintiff is incarcerated in violation of the constitution, laws, or treaties of the united states, stated a claim, submitted exhibits proving his claims that are issued. The injury plaintiff face is ongoing with these judges. Plaintiff Alford is likely to show at trial that defendants violated my rights. Petitioner/ plaintiff Alford has already suffered irreparable harm that can never be fixed. The harm plaintiff face is greater than the harm these federal judges will face if I get a preliminary injunction. A preliminary injunction will serve the public interest. And ask that the preliminary injunction goes into a permanent injunction. And ask that this court either transfer civil action 3:13-cv-2800 and 3:14-cv-13 to another judge in the District Court

a.

or for fear of retaliation, transfer this matter and the other 2 cases to the Eastern District Court, where plaintiff will get a fair, prompt, and efficient tribune to decide his constitutional claims.

## PRAYER FOR RELIEF

Wherefore, plaintiff prays that this court enter judgment:

20.) Granting plaintiff Alford a declaratory that the acts and omissions described herein violates his rights under the Constitution and laws of the United States; and

21.) Order a preliminary injunction against Judge Monteverde Mchalchich for deciding Civil Action No. 3:14-cv-13 and 3:13-cv-2000 and turning this into a permanent injunction and stopping them from ever hearing any of Alford's cases, and transfer their cases to the Eastern District to dispose of.

22.) Granting plaintiff Alford $100,000 in compensatory and $100,000 in punitive damages against each defendant (Munley, Mehalchich, and Bloom) for violating and condoning violations of plaintiff Alford constitutional rights jointly and severally;

23.) Plaintiff Alford seeks recovery of cost in this suit;

24.) Plaintiff Alford also seeks a jury trial on all issues triable by jury; and

25.) Any additional relief this court deems just, proper, and equitable; and

26.) The appointment of counsel because plaintiff is starting to be unable to write, is on psychological sleep medication, and it will be in the interest of justice to appoint counsel, and hands is starting to hurt for writing so much.

## VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON APRIL 14, 2014

Craig Alford

-7-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG ALFORD, | : CIVIL ACTION NO. **3:CV-12-2616** |
| Petitioner | : |
| v. | : (Magistrate Judge Blewitt) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, et al., | : |
| Respondents | : |

FILED
SCRANTON

APR 3 0 2013

PER _____
DEPUTY CLERK

## ORDER

On December 31, 2012, Petitioner Craig Alford, an inmate SCI-Mahanoy, Frackville, PA, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). Petitioner also filed a support Memorandum. (Doc. 2). Further, Petitioner filed a Motion to proceed *in forma pauperis*. (Doc. 3). Petitioner names as Respondents the PA Board of Probation and Parole ("PBPP") as well as the PA Attorney General. Petitioner appears to claim that after he was arrested on March 24, 2010, and charged by the New Jersey State Parole Board with two technical violations regarding his PA parole conditions, the PBPP failed to give him proper notice, a timely detention hearing, a probable cause hearing and a parole revocation/violation hearing, and thus violated his procedural due process rights. Petitioner states that after he was released by New Jersey authorities on April 1, 2010, he remained detained in prison in New Jersey on the PBPP's parole violation warrant. Petitioner then states that he was not given a parole revocation/violation hearing by the PBPP until October 28, 2010, which was not timely since it was required to be conducted within 120 days from April 1, 2010. (Doc. 1, p. 9). Thus, Petitioner claims that his present confinement in prison at SCI-Mahanoy, after he was found to have violated the conditions of his parole, is illegal.

On January 3, 2013, we issued a Show Cause Order and granted Petitioner's *in forma pauperis* Motion. We directed the Clerk of Court to serve Petitioner's habeas petition on Respondents, and we directed Respondents to respond to the habeas petition within twenty days. Petitioner was afforded ten days after Respondents' response to file a Traverse. (Doc. 9).

1

Subsequently, Respondents filed a motion for an extension of time to file their response and we granted it. (Doc. 13). Specifically, on January 30, 2013, we issued an Order and granted Respondents' Motion for Enlargement of Time. We afforded Respondents forty-five (45) days from the date of the Order to file their Answer to Petitioner's Petition for Writ of Habeas Corpus (Doc. 14). We also gave Petitioner ten (10) days after he was served with Respondents' response to file a Traverse.

On February 1, 2013, the parties consented to proceed before the undersigned. (Doc. 16).

On February 4, 2013, Petitioner filed his first Motion for Summary Judgment due to the failure of Respondents to respond to his habeas petition. (Doc. 17). Petitioner claimed that the court should grant his habeas petition and order his release from prison. Petitioner also filed a support brief with Exhibits, A & B. (Doc. 18). As stated above, on January 30, 2013, we issued an Order and granted Respondents' Motion for Enlargement of Time (Doc. 13) and directed that Respondents to file their response to Petitioner 's habeas petition by March 15, 2013. We also found that Petitioner's Motion for Summary Judgment was not appropriate in a habeas case. Thus, on February 12, 2013, we issued an Order and dismissed Petitioner's Doc. 17 Motion for Summary Judgment. (Doc. 28).

On March 15, 2013, Respondents timely filed their Answer to Petitioner's habeas petition with Exhibits as well as a support brief. (Docs. 30 & 31). Respondents contend that Petitioner's habeas petition should be dismissed for procedural default and, that it should be denied on its merits for several reasons, including their contention that there were no due process violations. Respondents also filed Exhibits to support their contentions.

On March 15, 2013, Petitioner filed a second Motion for Summary Judgment and support brief. (Docs. 32 & 33).

On April 1, 2013, Petitioner filed a Motion for an Evidentiary Hearing as well as a third Motion for Summary Judgment. (Docs. 35 & 36). Also, on April 1, 2013, Petitioner filed a brief regarding his third Motion for Summary Judgment. (Doc. 37). Additionally, on April 1, 2013, Petitioner filed his Traverse in support of his habeas petition with Exhibits. (Docs. 38-41). On April

16, 2013, Petitioner filed a supplemental brief in support of his Traverse as well as supplemental exhibits. (Docs. 47 & 48). Thus, Petitioner's habeas petition is ripe for disposition.

On April 25, 2013, Petitioner filed a so-called, 1-page "Motion To Disposition Summary Judgment." (Doc. 50). Petitioner requests the Court to dispose of his Motions for Summary Judgment since Respondents did not oppose them and, since he claims that he is being illegally confined in prison and that there is no genuine issue of fact in dispute. As discussed below, we find that Respondents were not required to respond to Petitioner's repetitive Summary Judgment Motions and that there is indeed a genuine dispute as to whether Petitioner is being illegally confined in prison as SCI-Mahanoy. We will address this dispute in detail when we issue our Memorandum addressing Petitioner's habeas petitions as well as the briefs and Exhibits submitted by the parties. As indicated, Petitioner just recently filed his supplemental brief in support of his Traverse. (Doc. 47).

We will deny Petitioner's **Docs. 32 and 36** Motions for Summary Judgment as well as his **Doc. 50** Motion. We will reserve ruling on Petitioner's Doc. 35 Motion for an Evidentiary Hearing until the time when we decide the merits of his ripe habeas petition. As we previously held in this case when we dismissed Petitioner's first Summary Judgment Motion, Petitioner's Motions for Summary Judgment are not appropriate in a habeas case. See *Cool v. Pennsylvania*, 2008 WL 2858310, *2 (M.D. Pa. July 22, 2008). As in the *Cool* case, our Respondents have now responded to Petitioner's habeas petition and, to Petitioner's contention that the PBPP violated his due process rights with respect to his parole revocation hearing and that his confinement in prison is unlawful. Petitioner has filed his Traverse and supplement. Both parties filed Exhibits. As such, Petitioner's habeas petition is ripe. Thus, summary judgment is not appropriate. Therefore, we shall again dismiss Petitioner's Motions for Summary Judgment (Docs. 32 & 36) as well as his Doc. 50 Motion.

3

Finally, due to the numerous filings of Petitioner in this case and due to the fact that his habeas petition is now ripe, we will direct Petitioner to seek leave of court before he files any future documents in this case.

*tn*

AND NOW, this 30 day of **April, 2013, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motions for Summary Judgment **(Docs. 32 & 36)** are **DISMISSED.**

2. Petitioner's "Motion To Disposition Summary Judgment" **(Doc. 50)** is **DENIED.**

3. Petitioner is directed to seek leave of court before he files any future documents in this case.

4. The Clerk of court is directed not to docket any future filings of Petitioner without receiving prior permission from the Court to file them.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: April 30, 2013

4

NAME Craig Alcord
NUMBER JT2486

301 MOREA ROAD
FRACKVILLE, PA 17932

INMATE MAIL
PA DEPT OF CORRECTIONS

RECEIVED
MAY 09 2014
PER _____
HARRISBURG, PA
DEPUTY CLERK

Yvette Kane - Chief Judge
United States District Court
Middle District of PA
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Hasler 05/07/2014
US POSTAGE $01.40
FIRST-CLASS MAIL
ZIP 17932